**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-08-423-TUC-CKJ |
| Plaintiff, | |
| vs. | **AMENDED ORDER** |
| | (Amended as to Caption VIN Only) |
| 1996 Freightliner FLD Tractor VIN 1FUYDXYB0TP822291, et al., | |
| Defendants. | |

Pending before the Court is Claimant Alfonso Regalado's ("Claimant") Motion for Summary Judgment [Doc. #20] and the Government's Cross-Motion for Summary Judgment [Doc. #22].

**I.    FACTUAL BACKGROUND[1]**

The Defendants in this matter are a 1996 Freightliner FLD Tractor, Vehicle Identification Number ("VIN") 1FUYDXYB0TO822291, and a 1997 Refrigerated Utility Trailer, VIN 1UYVS2539VU244116.  Claimant is the registered owner of the 1996

---

[1] The factual background is derived from the Government's Statement of Facts in Support of its Cross-Motion for Summary Judgment [Doc. 23] except where otherwise noted. Claimant did not object or otherwise respond to the Government's factual recitation. Moreover, Claimant's Statement of Facts ("Claimant's SOF") [Doc. #21] was largely undisputed.

1  Freightliner FLD Tractor and the bailee of the 1997 Refrigerated Utility Trailer, which he
2  leased from Idelfonso Garcia and Sulma Lopez.
3      On March 4, 2008, Claimant was driving the 1996 Freightliner FLD Tractor and
4  hauling a 1997 Refrigerated Utility Trailer northbound on Interstate 19 near Amado,
5  Arizona, when he approached a United States Border Patrol checkpoint.  A drug detection
6  dog alerted to the presence of contraband to the rear of the 1997 Refrigerated Utility
7  Trailer.  A search of the trailer revealed 103 bundles of marijuana totaling 2,172 pounds
8  hidden beneath rotten and molded tomatoes.  Claimant stated that he was hired by an
9  unknown person to transport watermelons and squash to Tucson Arizona.  Claimant gave
10 his trailer to the unknown person to load, and it was returned to him, but he did not
11 inspect the load.
12     On April 2, 2008, Claimant was indicted for knowingly and intentionally
13 possessing with intent to distribute approximately 2,172 pounds of marijuana in violation
14 of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii).  On April 4, 2008, the Notices of Seizure
15 for the tractor and the trailer were mailed. [Claimant's SOF at ¶ 1.] On May 5, 2008,
16 Claimant's claims for both the tractor and the trailer were timely delivered by Federal
17 Express ("FedEx") to the Drug Enforcement Agency ("DEA") Office of Forfeiture
18 Counsel.  *Id*. at ¶ 2.  On May 12, 2008, the matter was referred to the United States
19 Attorney.  *Id.* at ¶ 3.  On July 10, 2008, Claimant was found guilty after a jury trial of
20 violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), Possession with Intent to
21 Distribute Marijuana.  On July 30, 2008, the Government filed the Complaint for
22 Forfeiture in the instant case.  On October 24, 2008, this Court sentenced Claimant to one
23 hundred eight (108) months in prison, followed by forty-eight (48) months of supervised
24 release.
25
26 **II.   STANDARD OF REVIEW**
27     Summary judgment is appropriate when, viewing the facts in the light most
28 favorable to the nonmoving party, "there is no genuine issue as to any material fact and []

1  the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment. *Id*. In order to withstand a motion for summary judgment, the nonmoving party must show "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted). A "mere scintilla of evidence" does not preclude the entry of summary judgment. *Id.* at 252, 106 S.Ct. at 2512. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249-50, 106 S.Ct. at 2511 (internal citations omitted). Summary judgment is proper in forfeiture actions; however, summary judgment procedures must be construed in light of the statutory law of forfeitures. *U.S. v. One 56-Foot Motor Yacht Named the Tahuna*, 702 F.2d 1276, 1280 (9th Cir. 1983).

## III.   ANALYSIS

### A. Timeliness of Government's Complaint

Claimant asserts that the Government's Complaint was untimely, because it was filed in excess of the sixty (60) day deadline outlined in Section 1608, Title 19 of the United States Code. *See also* 21 C.F.R. 1316.97. Conversely, the Government asserts that its Complaint was timely filed, because civil forfeitures are governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). Pub. L. 106-185, 114 Stat. 202 (2000) (codified as amended in scattered sections of 18 U.S.C.). As such, the Government filed its Complaint within the ninety (90) days proscribed by statute. 18 U.S.C. §

983(a)(3)(A). Relying on the section's title, Claimant asserts that § 983 outlines only general rules for civil forfeiture proceedings, and because it does not specifically mention vehicles or conveyances, the proper rule is 21 C.F.R. 1316.97.

CAFRA is "applicable to any forfeiture proceeding commenced on or after the date that is 120 days after April 25, 2000." Pub. L. 106-185 § 21, 114 Stat. 225 (2000). "CAFRA did not amend or repeal the procedures in the existing law[,] . . . but is superimposed upon[] the existing procedures in the customs laws, the Supplemental Rules, and the forfeiture statutes themselves." Stefan D. Cassella, *The Civil Asset Forfeiture Reform Act of 2000: Expanded Government Forfeiture Authority and Strict Deadlines Imposed on all Parties*, 27 J. Legis. 97, 102-3 (2001). CAFRA created "three new statutes – 18 U.S.C. §§ 983 and 985, and 28 U.S.C. § 2546(b) – that override the older provisions where they are inconsistent, while otherwise leaving the older provisions alone." *Id*. at 102 (citing H.Rep. 106-192, 106th Cong. (1999) at 21). Therefore, one looks to the CAFRA sections first, and they will prevail if they address an issue. Cassella, *supra*, at 103. Where the CAFRA sections are silent, the old rules apply. *Id.*

Here, Section 983(a)(3)(A) specifically addresses the time limitations for the Government filing its Complaint. That time is "[n]ot later than 90 days after a claim has been filed." Because Section 983 provides a limitations date for the Government to file its complaint, it will preempt any pre-CAFRA deadlines established by older forfeiture provisions. As such, the Government has ninety (90) days to file its complaint after a claim is received. In this case, the Government filed its Complaint on July 30, 2008, eighty-six (86) days after Claimant submitted his claim on May 5, 2008. Therefore, the Government's Complaint was timely filed, and Claimant's Motion for Summary Judgment [Doc. #20] is DENIED.

*B. Summary Judgment for Forfeiture*

The Government asserts its right to forfeiture of the 1997 Freightliner FLD tractor and the 1997 Refrigerated Utility Trailer pursuant to 21 U.S.C. § 881. Section 881

- 4 -

1  delineates what constitutes property subject to forfeiture, in which no property right
2  exists. 21 U.S.C. § 881(a). Among these are "[a]ll conveyances, including aircraft,
3  vehicles, or vessels, which are used or are intended for use, to transport, or in any manner
4  to facilitate the transportation, sale, receipt, possession, or concealment of property
5  described in paragraph (1), (2), or (9).[2]" 21 U.S.C. § 881(a)(4).

6        In a civil forfeiture action, the Government bears the burden of proof "to establish,
7  by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C.
8  § 983(c)(1). Further, "if the Government's theory of forfeiture is that the property was
9  used to commit or facilitate the commission of a criminal offense, or was involved in the
10 commission of a criminal offense, the Government shall establish that there was a
11 substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3). As
12 a defense to the civil forfeiture action, the Claimant may assert that he is an "innocent
13 owner" and shall have the burden of proving by a preponderance of the evidence that he
14 either "did not know of the conduct giving rise to forfeiture" or once he did learn of the
15 "conduct giving rise to forfeiture, did all that reasonably could be expected under the
16 circumstances to terminate such use of the property." 18 U.S.C. §§ 983(d)(2)(A)(i)-(ii).
17 Additionally, a Claimant may seek relief by claiming that the forfeiture was
18 constitutionally excessive, meaning that the forfeiture is grossly disproportional to the
19 gravity of the offense. 18 U.S.C. § 983(g).

20       Here, Claimant was found guilty by a jury of violating 21 U.S.C. §§ 841(a)(1) and
21 841(b)(1)(B)(vii), Possession with Intent to Distribute Marijuana in U.S. District Court
22 Case Number CR-08-0425-TUC-CKJ. It is undisputed that Claimant is the registered
23 owner of the 1996 Freightliner FLD Tractor, Vehicle Identification Number ("VIN")
24 1FUYDXYB0TO822291, and the bailee of the 1997 Refrigerated Utility Trailer, VIN
25 1UYVS2539VU244116 used to commit the offense. Moreover, it is undisputed that these
26 were the conveyances seized on March 4, 2008 in Amado, Arizona. Claimant's

---

28     [2]The paragraphs listed herein all reference controlled substances.

1  conviction in the criminal matter establishes that he "knowingly" committed these drug
2  trafficking offenses and thereby defeats any possible "innocent owner" defense. *U.S. v.*
3  *Real Property Located at 9832 Richeon Avenue*, 156 Fed.Appx. 50, 52 (9th Cir. 2005)
4  (unpublished decision); *See also, U.S. v. Real Property Located at Section 18, Township*
5  *23, Range 9, Sunnyview Plat, Lots 4 & 5, Block 4, Lakeview Dr., Quinault Lake, Olympic*
6  *Nat'l Park, Grays Harbor County, WA*, 976 F.2d 515, 520 (9th Cir. 1992). Furthermore,
7  there is no evidence before this Court to indicate that the limited value of the tractor and
8  trailer is grossly disproportionate to the gravity of the possession with intent to distribute
9  2,172 pounds of marijuana. As such, this Court finds summary judgment in favor of the
10 Government appropriate in this matter.
11         Accordingly, IT IS HEREBY ORDERED that:
12         1.      Claimant's Motion for Summary Judgment [Doc. #20] is DENIED;
13         2.      The Government's Cross-Motion for Summary Judgment [Doc. #22] is
14 GRANTED; and
15         3.      The Clerk of the Court shall enter its judgment and close its file in this
16 matter.
17         DATED this 8th day of April, 2009.

_____
Cindy K. Jorgenson
United States District Judge